## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | | |
|---|---|---|
| **WILLIAM BERRY WATERS III,** | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 4:12-CV-303-Y** |
| | § | |
| **RICK THALER, Director,** | § | |
| **Texas Department of Criminal Justice,** | § | |
| **Correctional Institutions Division,** | § | |
| **Respondent.** | § | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE
### AND NOTICE AND ORDER

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

### I. FINDINGS AND CONCLUSIONS

#### A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

#### B. PARTIES

Petitioner, William Berry Waters III, is a state prisoner. He is represented in this habeas action by counsel of record, Randy Schaffer.

Respondent, Rick Thaler, is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division.

## C. FACTUAL AND PROCEDURAL HISTORY

In March 2009 petitioner was indicted for felony driving while intoxicated (DWI) in cause number 11197 in the 355th Judicial District Court of Hood County, Texas. (Clerk's R. at 4) More specifically, the indictment alleged petitioner drove while intoxicated on August 29, 2008, and had been twice previously convicted of DWI in Somervell County, Texas, in 1995 and in Hood County, Texas, in 1993. (*Id.* at 4-5) The indictment also included the following two sentencing enhancement paragraphs:

### ENHANCEMENT PARAGRAPH ONE

and it is further presented in and to said Court that prior to the commission of the primary offense by the said WILLIAM BERRY WATERS, III, on the 20th day of April, 2005, in the 18th Judicial District Court of Somervell County, Texas, in cause number 18-00598, the said WILLIAM BERRY WATERS, III, was convicted of a felony, to wit: Driving While Intoxicated – 3rd Offense, and the said conviction became final prior to the commission of the primary offense,

### HABITUAL COUNT ONE

and it is further presented in and to said Court that prior to the commission of each of the offenses set out above in the enhancement count, the said WILLIAM BERRY WATERS, III, on the 27th day of June, 2001, in the 249th District Court of Somervell County, Texas, in cause number 4350, the said WILLIAM BERRY WATERS, III, was convicted of a felony, to wit: Driving While Intoxicated Felony, and the said conviction became final prior to the commission of each of the offenses set out above in the enhancement count, . . . .

(*Id.* at 4-6)

On January 26, 2010, a jury found petitioner guilty of the charged felony DWI. (Clerk's R. at 26-29) The next day, on January 27, 2010, petitioner pleaded true to the enhancement and habitual counts, and the jury found those counts true and assessed petitioner's punishment at sixty years' confinement. (*Id.* 37) Petitioner appealed, but the Second District Court of Appeals affirmed

the trial court's judgment, and the Texas Court of Criminal Appeals refused his petition for discretionary review. *Waters v. State*, 330 S.W.3d 368 (Tex. App.–Fort Worth 2010); *Waters v. State*, PDR No. 098-11. Petitioner filed a state application for writ of habeas corpus, raising the issues presented herein. The state habeas judge, who also presided over petitioner's trial, found that there were "no controverted, previously unresolved issues of fact material to the legality of" petitioner's confinement and recommended the application be denied. (State Habeas R. at 56[1]) The application was forwarded to the Texas Court of Criminal Appeals, which denied the application without written order. (State Habeas R. at cover) This federal petition followed.

**D. ISSUES**

Petitioner raises two grounds for habeas relief: (1) his 60-year sentence as a habitual offender is illegal and violates due process, and (2) he received ineffective assistance of counsel on appeal. (Pet. at 6)

**E. RULE 5 STATEMENT**

Respondent believes that the petition is neither successive nor barred by limitations and that the claims presented are exhausted as required by 28 U.S.C. § 2254(b)(1). (Resp't Ans. at 3)

**F. DISCUSSION**

### 1. Legal Standard for Granting Habeas Corpus Relief

Under 28 U.S.C. § 2254(d), a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless he shows that the prior adjudication: (1) resulted in

---

[1]"State Habeas R." refers to the state court record in petitioner's state habeas application no. WR-77,217-01.

a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court. 28 U.S.C. § 2254(d). A decision is contrary to clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court of the United States on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000); *see also Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000). A state court decision will be an unreasonable application of clearly established federal law if it correctly identifies the applicable rule but applies it unreasonably to the facts of the case. *Williams*, 529 U.S. at 407-08.

Further, federal courts give great deference to a state court's factual findings. *Hill*, 210 F.3d at 485. Section 2254(e)(1) provides that a determination of a factual issue made by a state court shall be presumed to be correct. 28 U.S.C. § 2254(e)(1). Factual determinations by a state court are presumed correct absent clear and convincing evidence to the contrary, and a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state court proceeding. *See* 28 U.S.C. § 2254(d)(2), (e); *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003); *Williams*, 529 U.S. at 399. The presumption of correctness applies to both explicit findings of fact and those findings of fact implicit in the state court's mixed law and fact conclusions. *Valdez v. Cockrell*, 274, F.3d 941, 948 n.11 (5th Cir. 2001). The applicant has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). Typically, when the Texas Court of Criminal Appeals denies relief in a state habeas corpus application without

4

written opinion, as here, it is an adjudication on the merits, which is entitled to the presumption. *Singleton v. Johnson*, 178 F.3d 381, 384 (5th Cir. 1999); *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997).

### 2. Discussion

In his first ground, petitioner claims his 60-year sentence for felony DWI as a habitual offender is illegal and violates due process under *Mikel v. State*, 167 S.W.3d 556 (Tex. App.–Houston [14th Dist.] 2005, no pet.). (Pet. at 6; Pet'r Br. at 4-8)

Section 12.42(d) of the Texas Penal Code provides, in relevant part:

> [I]f it is shown on the trial of a felony offense other than a state jail felony . . . that the defendant has previously been finally convicted of two felony offenses, and the second previous felony conviction is for an offense that occurred subsequent to the first previous conviction having become final, on conviction the defendant shall be punished by imprisonment . . . for life, or for any term of not more than 99 years or less than 25 years.

TEX. PENAL CODE ANN. § 12.42(d) (Vernon Supp. 2012).

In *Mikel*, the state sought to enhance the defendant's punishment to habitual status based on the following enhancement paragraphs:

> Before the commission of the offense alleged above (hereafter styled the primary offense) on May 23, 2002, in Cause No. 00199814, in the 16th District Court of St. Martin Parish, Louisiana, the Defendant was convicted of the felony of attempted possession with intent to distribute marihuana.
>
> Before the commission of the primary offense and after the conviction in cause number 00199814 was final, the Defendant committed the felony offense of escape and was finally convicted of that offense on February 9, 2000 in Cause No. 835844, in the 182nd District Court of Harris County, Texas.

*Mikel*, 167 S.W.3d at 558.

Mikel claimed that, despite his plea of true to the enhancement allegations, the second felony

5

conviction could not have occurred after the first felony conviction became final, and, thus, the evidence was insufficient to support the finding that the allegations in the second enhancement paragraph were true. *Id.* at 558. The Houston Fourteenth court agreed and held the second paragraph could not be used to enhance Mikel's punishment range to that of a habitual offender. *Id.* at 559. Additionally, the court noted that, even if the convictions were alleged in the proper sequence, Mikel would still not be a habitual offender because the attempted possession offense was committed before the escape conviction became final. *Id.* at 559 n.2.

In this case, the indictment alleged that petitioner had been previously convicted of felony DWI on April 20, 2005, and the conviction became final prior to the commission of the primary offense, and that he had been previously convicted of felony DWI on June 27, 2001, and the 2001 conviction became final prior to commission of the 2005 offense. Petitioner claims that, although the conviction alleged in the habitual count was for an offense committed before the offense alleged in the enhancement paragraph occurred, *Mikel* controls because–

> Quite clearly, the 2001 conviction alleged in the habitual count could not have been for an offense committed after the 2005 conviction alleged in the enhancement paragraph. Thus, the indictment alleged a third degree felony DWI enhanced to a second degree felony because it did not state that the conviction alleged in the habitual count was for an offense committed after the conviction alleged in the enhancement paragraph became final.

(Pet'r Br. at 6) (footnote omitted)

Claims based solely on state law are generally not cognizable in a § 2254 proceeding. A state prisoner seeking federal review pursuant to § 2254 must assert a violation of a federal constitutional right. *Lawrence v. Lensing*, 42 F.3d 255, 258 (5th Cir. 1994). Federal habeas corpus relief will not issue to correct errors of state constitutional, statutory, or procedural law, unless a federal issue is

also presented. *Pemberton v. Collins*, 991 F.2d 1218, 1223 (5th Cir. 1993). Whether an offense has

been properly enhanced is generally a matter of state law. *Rubio v. Estelle,* 689 F.2d 533, 536 (5th

Cir. 1982); *Donald v. Jones,* 445 F.2d 601, 606 (5th Cir. 1971); *Ware v. Dretke,* No. 3:02-CV-2151-

N, 2005 WL 701035, at *2 (N.D.Tex. Mar.23, 2005), *adopted,* 2005 WL 1025964 (N.D.Tex. Apr.28,

2005). Petitioner fails to demonstrate how the enhancements implicate a federal constitutional

violation. He generally asserts a due process violation, however he did not raise a federal due

process claim in state court and fails to articulate and develop the claim here. (Pet'r Mem. at 4-8;

Pet'r Resp. at 1-3) Thus, petitioner's first ground is not cognizable on federal habeas review.

In his second ground, petitioner claims his appellate counsel was ineffective by not raising

his claim under ground one on appeal. A criminal defendant has a constitutional right to the

effective assistance of counsel on a direct appeal as of right. U.S. CONST. amend. VI, XIV; *Evitts*

*v. Lucey*, 469 U.S. 387, 393-95 (1985); *Strickland v. Washington*, 466 U.S. 668, 688 (1984); *Anders*

*v. California*, 386 U.S. 738, 744 (1967). An ineffective assistance claim is governed by the familiar

standard set forth in *Strickland v. Washington.* 466 U.S. at 668. *See also Styron v. Johnson*, 262

F.3d 438, 450 (5th Cir. 2001) (applying the *Strickland* standard to ineffective assistance claims

against appellate counsel). To establish ineffective assistance of counsel an applicant must show (1)

that counsel's performance fell below an objective standard of reasonableness, and (2) that but for

counsel's deficient performance the result of the proceeding would have been different. *Strickland*,

466 U.S. at 688.

Judicial scrutiny of counsel's performance must be highly deferential, and a court must

indulge a strong presumption that counsel's conduct fell within the wide range of reasonable

professional assistance. *Id.* at 668, 688-89. Where a petitioner's ineffective assistance claim has

been reviewed on its merits and denied by the state courts, federal habeas relief will be granted only

if the state courts' decision was contrary to or involved an unreasonable application of the standard

set forth in *Strickland*. *Bell v. Cone*, 535 U.S. 685, 698-99 (2002); *Santellan v. Dretke*, 271 F.3d

190, 198 (5th Cir. 2001). In the absence of a written opinion or express findings of fact, this court

assumes the state courts applied the *Strickland* standard and made factual findings consistent with

the state courts' decision. Accordingly, it is necessary only to determine whether the state courts'

rejection of petitioner's ineffective assistance claim was contrary to or an objectively unreasonable

application of *Strickland*. *Kittelson v. Dretke*, 426 F.3d 306, 315 -17 (5th Cir. 2005); *Schaetzle v.*

*Cockrell*, 343 F.3d 440, 443 (5th Cir. 2003).

      Unlike in *Mikel*, both convictions used for enhancement here were final and the allegations

true and supported by the evidence. It appears the problem is more akin to a defect in the sequence

of convictions or ordering of the enhancement paragraphs and not the substance or lack of finality,

in which case several state appeals courts have found the defect immaterial, including the Houston

Fourteenth. *See Roberson v. State*, — S.W.3d —, 2012 WL 2106552, at *2 (Tex. App.–Houston [1[st]

Dist.] 2012, no pet.) (convictions alleged in wrong sequence); *Derichsweiler v. State*, 359 S.W.3d

342, 350 (Tex. App.–Fort Worth 2012, pet. ref'd) (same); *Hannon v. State*, No. 02-11-503-CR, 2012

WL 2135695 (Tex. App.–Fort Worth June 14, 2012, no pet.) (same); *Wilson v. State*, No. 14-03-182-

CR, 2004 WL 2360011, at *1-2 (Tex. App.–Houston [14[th] Dist.] Oct. 21, 2004, no pet.) (same).

      Nevertheless, it is well settled under state law that it is not necessary to allege prior

convictions for the purpose of enhancement with the same particularity which must be used in

charging on the primary offense, so long as the indictment or other pleading provides the defendant

notice that the state will seek the enhanced range of punishment and the prior convictions relied upon

by the state. *Derichsweiler*, 359 S.W.3d at 349; *Brooks v. State*, 957 S.W.2d 30, 33-34 (Tex. Crim. App. 1997); *Coleman v. State,* 577 S.W.2d 486, 488 (Tex. Crim. App. 1997); *Freda v. State*, 704 S.W.2d 41, 42 (Tex. Crim. App. 1986). By denying petitioner's ineffective assistance claim, the state courts' necessarily found *Mikel* inapposite to petitioner's case and/or that despite the defect the indictment was sufficient to give petitioner notice that the state intended to seek the enhanced range of punishment. Having so found, the state court determined counsel was not ineffective for failing to raise the claim on appeal and/or that the claim would have been unsuccessful. This court is bound by the state court's interpretation of its own law and implicit factual determinations in reaching its decision. *Young v. Dretke*, 356 F.3d 616, 629 (5th Cir. 2004). Thus, applying the appropriate deference, the state courts' rejection of petitioner's ineffective assistance claim was not objectively unreasonable.

Appellate counsel is not required to raise every conceivable argument urged by his client on appeal, regardless of merit. *Smith v. Robbins,* 528 U.S. 259, 287-88 (2000). Furthermore, prejudice does not result from appellate counsel's failure to assert meritless claims or arguments. *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994). Thus, it follows, that counsel was not ineffective for failing to raise petitioner's claim on appeal. Petitioner is not entitled to habeas relief under his second ground.

## II. RECOMMENDATION

Based on the foregoing, petitioner's petition for writ of habeas corpus should be DENIED.

### III.  NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 10 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until September __13__, 2012.  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  See Douglass v. United Services Automobile Ass', 79 F.3d 1415, 1417 (5th Cir. 1996).

### IV.  ORDER

Under 28 U.S.C. § 636, it is ordered that each party is granted until September __13__, 2012, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation.  It is further ordered that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ordered that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED August ___**24**___, 2012.

JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE